Filed 3/12/13  P. v. Tomas CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056594 |
| v. | (Super.Ct.No. RIF1102800) |
| FRANCISCO PEDRO TOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Afffirmed.

Dennis L. Cava, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Francisco Pedro Tomas faces deportation after pleading guilty to a single felony charge stemming from a carjacking.  Defendant appeals from the trial court's order denying his motion to withdraw his plea based on ineffective assistance of

1

counsel in failing to inform him of the immigration consequences of the plea. As discussed below, we affirm the trial court's order denying the motion.

## FACTS AND PROCEDURE

On August 22, 2011, defendant pled guilty to one count of assault with a deadly weapon other than a firearm (carjack) and by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)).[1] In exchange, the People dropped accompanying charges of assault with a deadly weapon other than a firearm (knife) and by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) and misdemeanor battery on a spouse (§ 243, subd. (e)(1)). The trial court sentenced defendant to probation on the condition he serve 270 days in county jail, with a total of 193 days of presentence custody and behavior credits.

When defendant was release from jail on October 17, 2011, he was placed in custody by the Immigration and Customs Enforcement agency, which began removal proceedings.

On April 19, 2012, defendant filed a motion to set aside the judgment and withdraw his guilty plea based on his counsel's failure to advise him of the immigration consequences of his guilty plea. The court heard this motion on May 3, 2012 and denied it based on the plea agreement form and on the lack of specific facts in the motion. This appeal followed.

---

[1] All section references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The trial court's order denying defendant's motion to withdraw the plea is affirmed.

RAMIREZ
P. J.


We concur:

McKINSTER
J.

KING
J.

3